**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**LAKEITH HARRIS**                                                                       **PLAINTIFF**

**v.**                                                                                                   **No. 2:10CV11-P-S**

**OFFICER ERIC BOWEN, ET AL.**                                                   **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of LaKeith Harris, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Harris alleges that the defendants used excessive force against him during his January 17, 2007, arrest. Defendants Eric Bowen, Bruce Cheney, Michael Gibbs, and Eric Stewart have moved to dismiss the case as barred by the statute of limitations. For the reasons set forth below, the motion to dismiss will be granted and this case dismissed as untimely filed.

**Discussion**

The plaintiff alleges that the defendants used excessive force against him when he was arrested on January 17, 2007. He filed the present suit on January 21, 2010.[1] Thus, the plaintiff's complaint was filed three years, four days after the events giving rise to the complaint. A federal court borrows the forum state's general or residual personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249 (1989); *Gartrell v. Gaylor*, 981 F.2d 254 (5th Cir. 1993). In

---

[1] Under the "Prison Mailbox Rule," inmate pleadings filed in federal court are deemed filed when the inmate presents them to prison officials for placement in the mail. *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir.1998). The plaintiff's complaint is dated January 21, 2010. The court will assume for the sake of this memorandum opinion that the plaintiff presented his complaint to prison officials on the date he signed it.

Mississippi, that statute is MISS. CODE ANN. § 15-1-49, which allows a litigant only three years to file such an action, and the statute begins to run "at the moment the plaintiff becomes aware he has suffered an injury or has sufficient information to know he has been injured." *Russel v. Board of Trustees of Firemen, etc.*, 968 F.2d 489 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 1266 (1993) (citations omitted).

As the plaintiff clearly knew of the alleged attack on the day it occurred (January 17, 2007), the statute of limitations expired three years later on January 17, 2010. The plaintiff did not, however, file his complaint before that date. Instead, he filed it four days after the deadline expired. The plaintiff has not set forth any reason the limitations period should be tolled. As such, the motion by defendants Eric Bowen, Bruce Cheney, Michael Gibbs, and Eric Stewart to dismiss the plaintiff's claims against them as untimely filed will be granted. In addition, as the plaintiff's allegations against *all* defendants arise out of the events of January 17, 2007, the plaintiff's claims against the remaining defendants will also be dismissed as untimely filed. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 2nd day of November, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE